# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

---

## No.: 24-1438

---

## MICHAEL J. GOODSON, SR.

### Plaintiff/Appellant

### v.

## CITY OF PHILADELPHIA & CHIEF INSPECTOR CHRISTPHER FLACCO

### Defendants/Appellees

---

## APPELLANT'S BRIEF AND APPENDIX (VOLUME ONE)

---

**An Appeal From The Order Denying Plaintiff's Motion to Dismiss without Prejudice and Granting Defendants' Motion for Summary Judgment entered in the U.S. District Court For The Eastern District Of Pennsylvania**

---

David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
**Koller Law LLC**
2043 Locust Street, Suite 1-B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
Attorneys for Appellant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ..... 1

STATEMENT OF ISSUES PRESENTED.................................................................. 1

STATEMENT OF THE CASE ..................................................................................... 2

STATEMENT OF RELEVANT FACTS..................................................................... 2

STATEMENT OF RELATED CASES AND PROCEEDINGS ............................. 4

STATEMENT OF THE STANDARD OF REVIEW ................................................. 4

SUMMARY OF THE ARGUMENT........................................................................... 7

ARGUMENT................................................................................................................... 8

I.    THE TRIAL COURT SHOULD HAVE GRANTED APPELLANT'S MOTION TO DISMISS
WITHOUT PREJUDICE TO ALLOW APPELLANT TO HAVE CHOSEN COUNSEL
MEANINGFULLY PARTICIPATE IN LITIGATION. ........................................................................... 8

II.   THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY
JUDGMENT BY NOT CONSTRUING THE FACTS IN THE LIGHT MOST FAVORABLE TO
APPELLANT....................................................................................................................................... 11

CONCLUSION............................................................................................................... 12

COMBINED CERTIFICATIONS.............................................................................. 14

CERTIFICATE OF SERVICE ................................................................................... 16

APPENDIX TABLE OF CONTENTS....................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

Armbruster v. Unisys Corp., 32 F.3d 768 (3d Cir. 2001)...........................................6

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ...........................................................5

Deutsche Bank Trust Co. Ams. V. Greenfield of Perkiomen Valley, LLC, 2023
    U.S. Dist. LEXIS 229980 at *2 (E.D. Pa. Dec. 27, 2023)....................................12

Giles v. Kearney, 571 F.3d 318 (3d Cir. 2009)...........................................................5

In re Zoloft (Sertralinehydrochloride) Prod. Liabl. Litig., 176 F. Supp. 3d 483, 499
    (E.D. Pa. 2016)......................................................................................................10

Marzano v. Computer Sci. Corp., Inc., 91 F.3d 497 (3d Cir. 1996).........................6

Nathanson v. Medical College of Pennsylvania, 926 F.2d 1368 (3d Cir. 1991).......6

Pignataro v. Port Auth. Of N.Y. & N.J., 593 F.2d 265 (3d Cir. 2010).....................6

R&C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 659 (3d
    Cir. 2022) ...............................................................................................................5

Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015)................................................5

Sec'y U.S. Dep't. of Labor v. Kwansy, 853 F.3d 87 (3d Cir. 2017).........................5

Sowell v. Kelly Servs., Inc., 139 F. Supp. 3d 684 (E.D. Pa. 2015)...........................6

Stewart v. Rutgers, 120 F.3d 426, 431 (3d Cir. 1997)...............................................6

U.S. ex rel. Petratos v. Genetech, Inc., 855 F.3d 481, 486 (3d Cir. 2017)...............5

U.S. v. 107.9 Acre Parcel of Land in Warren Twp., 898 F.2d 396 (3d Cir. 1990) ...6

**Statutes**

28 U.S.C. § 1291 .......................................................................................................1

28 U.S.C. §§ 1331 and 1367(a)..................................................................................1

43 Pa. Cons. Stat. Ann. § 955 ...................................................................................1

## Rules

Fed. R. Civ. P. 41 ....................................................................................................... 10

Fed. R. Civ. P. 56 ................................................................................................... 1, 11

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Plaintiff/Appellant Michael Goodson, Sr. (hereinafter "Appellant" or "Goodson") appeals the December 22, 2023, Order from the United States District Court for the Eastern District of Pennsylvania denying Goodson's Motion to dismiss without prejudice and the February 6, 2024, Order granting the Motion for Summary Judgment, under the provision of Fed. R. Civ. P. 56, of Defendants/Appellees City of Philadelphia (hereinafter "City of Philadelphia") and Chief Inspector Flacco (hereinafter "Flacco") (collectively hereinafter "Appellees") on Appellant's claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII") and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 955 *et seq.*, ("PHRA"). The district court had original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367(a), as the action arose under the laws of the United States, and supplemental jurisdiction was invoked for the state law claims. This Honorable Court has appellate jurisdiction under 28 U.S.C. § 1291 because the matter is an appeal from a final decision, and from an interlocutory opinion made final via the final opinion, of the district court.

## STATEMENT OF ISSUES PRESENTED

1) Whether the Trial Court abused its discretion in denying Appellant's Motion to Dismiss without Prejudice as Appellant was deprived of his chosen

counsel due to Counsel's health and technological issues and the dismissal without prejudice would not have prejudice Appellees and was in the interest of justice.

2) Whether the Trial Court erred in granting Appellees' Motion for Summary Judgment by failing to conduct a thorough analysis of the facts in the light most favorable to Appellant as the non-moving party which is required under Fed. R. Civ. P. 56 even if Appellant did not file a response.

## STATEMENT OF THE CASE

## STATEMENT OF RELEVANT FACTS

The facts relevant to this appeal relate to Appellant's Counsels' failure to adequately represent him and, primarily, the Trial Court's denial of Appellant's right to counsel of his choice. Counsel D.L. filed Appellant's Complaint at the request of Counsel I.G. Appx096. Counsel I.G. repeatedly informed Appellant that he would formally enter as Lead Counsel shortly after. Appx096.

Appellees sent discovery requests to Appellant's Counsel, and Counsel D.L. attempted to communicate with Counsel I.G. to complete discovery. Appx096-097. Around that time, Counsel I.G. contracted Covid-19, which impacted his ability to communicate with Appellant. Appx097. The parties obtained an extension to complete discovery. Appx097. Counsel D.L. attempted to assist Counsel I.G. in entering his appearance and responding to discovery, but Counsel I.G. had technical issues and health issues that impaired his ability to participate in this

2

matter. Appx097. Counsel I.G. submitted a letter to the Court outlining his issues and his inability to meaningfully participate in this matter. Appx103.

Counsel I.G. informed the Trial Court that he received treatment multiple times for a condition that ultimately resulted in difficulty breathing which was becoming worse and his condition was causing short-term memory loss, impacting his ability to represent Appellant. Appx103. In Counsel I.G.'s letter, he indicated that his entry of appearance was delivered to the Court. Appx103. Counsel I.G.'s attempt to enter his appearance failed. Appx098. Counsel D.L. attempted to assist and even inquired with the PACER Help Desk to assist, but no one was able to assist Counsel I.G. to successfully enter his appearance. Appx098. Despite these compelling reasons, the Trial Court denied Appellant's Motion to Dismiss without Prejudice. Appx004-005.

Appellees filed a motion for summary judgment on August 14, 2023. Appx010. The Trial Court granted Appellees' Motion for Summary Judgment on February 6, 2024. Appx006. The Trial Court granted Appellees' Motion for Summary Judgment because Appellant failed to respond or engage in discovery. Appx007. The Trial Court did not outline the facts and circumstances, evaluating the totality of the evidence presented in Appellees' paperwork as is required by the rules of civil procedure. Appx006-007. Specifically, the Trial Court stated:

> Here, having failed to respond to [Appellees'] motion or to even engage
> in any affirmative discovery, [Appellant] has not and cannot meet his

3

summary judgment burden with respect to any of the elements of his claims. . ... Accordingly, [Appellees'] motion for summary judgment is granted.

Appx007 (citation omitted).

## PROCEDURAL HISTORY

Appellant initiated this action against Appellees, in District Court via Complaint filed on or about September 9, 2022, asserting claims of race discrimination in connection with his employment as a police officer with the City of Philadelphia. Appx012-027. Appellees filed an Answer with Affirmative Defenses on or about October 21, 2022. Appx028-034. At the close of discovery, Appellees filed a Motion for Summary Judgment on August 14, 2023, and Appellant filed a Motion to Dismiss without Prejudice on September 13, 2023. Appx010 The Trial Court denied Plaintiff's Motion on December 22, 2023. Appx004-005. On February 6, 2025, Judge Nitza I. Quiñones Alejandro issued an Order granting Appellees' motion for summary judgment. Appx006-007.

Appellant timely filed a Notice of Appeal of the February 6, 2024, Order and Opinion with the Trial Court on March 7, 2024. Appx001-003.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This instant case is before this Court for the first time. Counsel is unaware of any related case decided or pending before this Court.

## STATEMENT OF THE STANDARD OF REVIEW

Interlocutory orders, such as denials on motions to dismiss, merge into the

final judgment or order and can be reviewed on appeal from the final order. R&C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 659 (3d Cir. 2022). The standard of review of an order denying Plaintiff's motion to dismiss without prejudice, like a motion for leave to amend, is reviewed for abuse of discretion. See U.S. ex rel. Petratos v. Genetech, Inc., 855 F.3d 481, 486 (3d Cir. 2017).

An appellate court's review of a grant of summary judgment is plenary, with the appellate court applying the same test that the district court used in determining whether summary judgment was proper. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) Summary judgment is only appropriate where, construing all evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Sec'y U.S. Dep't. of Labor v. Kwansy, 853 F.3d 87, 90 (3d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). It is not the Court's job to "weigh the evidence and determine the truth of the matter, but only to determine whether there is a genuine issue for trial." Id. (quoting Santini v. Fuentes, 795 F.3d 410 (3d Cir. 2015)).

A party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying aspects of the record which it believes demonstrates the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the party makes this initial showing,

the burden shifts to the nonmoving party to demonstrate that there is, actually, a genuine dispute of material fact. U.S. v. 107.9 Acre Parcel of Land in Warren Twp., 898 F.2d 396, 398 (3d Cir. 1990). The nonmoving party, in meeting its burden, is entitled to all reasonable inferences in its favor. Pignataro v. Port Auth. Of N.Y. & N.J., 593 F.2d 265, 268 (3d Cir. 2010).

In determining the existence of a genuine dispute as to any material fact, the "court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 2001). Summary judgment also must be denied if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed. Nathanson v. Medical College of Pennsylvania, 926 F.2d 1368 (3d Cir. 1991). In employment discrimination cases, the summary judgment standard "is applied with added rigor . . . [because] intent and credibility are crucial issues." Sowell v. Kelly Servs., Inc., 139 F. Supp. 3d 684, 690 (E.D. Pa. 2015) (quoting Stewart v. Rutgers, 120 F.3d 426 (3d Cir. 1997)). Given the inherent evidentiary question of credibility of an employer's stated reason and whether that reason is pretext, summary judgment is rarely appropriate in this type of case. See id. (citing Marzano v. Computer Sci. Corp., Inc., 91 F.3d 497, 509 (3d Cir. 1996)). Simply pointing to evidence which calls into question the defendant's intent raises an issue of material fact which, if genuine, is sufficient to preclude summary judgment.

## SUMMARY OF THE ARGUMENT

Appellant was denied his choice of counsel when the Trial Court denied his motion to dismiss without prejudice. Appellant's chosen counsel was unable to participate meaningfully in this litigation and was unable to enter his appearance. That inability of counsel detrimentally affected Appellant's ability to partake in discovery. Further, Appellant's previous counsel of record acted with gross negligence in failing to respond to Appellees' Motion for summary judgment. A plaintiff in a cause of action retains an attorney to represent himself before a court of law with the expectation that the attorney will advocate and represent the plaintiff's interest. Indeed, attorneys are ethically bound by the oath taken to practice before the court and the failure to file any response after the Trial Court's admonishment in denying the Motion to Dismiss without Prejudice was nothing short of an embarrassment to the legal profession. Appellant's previous counsel did not abide by the oath of counsel in this Commonwealth to discharge the duties of his office with fidelity as well as to the court as to the client. 42 Pa. C.S. § 2522. Equity demands this Honorable Court reverse and remand this matter to allow Appellant's new counsel to advocate on behalf of Appellant and litigate the merits of this case.

Appellees was not entitled to summary judgment in its favor, and Appellant

respectfully submits this Court should reverse the Trial Court's grant of summary judgment and remand this matter for trial. The Trial Court reasoned that Appellant could not, as a matter of law, establish the elements of a *prima facie* race discrimination case, largely because of the failure to engage in discovery. However, even absent a response, the Trial Court had an obligation to review the facts in the light most favorable to Appellant and failed to do so. Appellant respectfully submits that summary judgment was not proper, the Trial Court's ruling should be reversed, and this matter should be remanded to the Trial Court for trial.

**ARGUMENT**

## I. THE TRIAL COURT SHOULD HAVE GRANTED APPELLANT'S MOTION TO DISMISS WITHOUT PREJUDICE TO ALLOW APPELLANT TO HAVE CHOSEN COUNSEL MEANINGFULLY PARTICIPATE IN LITIGATION.

Appellant's previous counsel of choice had issues with his health and technical issues with the filing website which precluded him from meaningfully engaging in discovery or filing a response. See Appx103. Appellant's previous counsel of record engaged in gross neglect as counsel of record by failing to file any response to Defendants' Motion for Summary Judgment after the Court's December 22, 2023 extended Plaintiff's deadline to respond to the motion until January 5, 2024. Appx004-005. Plaintiff's counsels' health issues, technology issues, and neglect in representation resulted in this tragic result. Appx096-106.

Appellant offered good cause to warrant dismissal without prejudice. See Appx096-106. Counsel I.G. informed Appellant he would formally enter as Lead Counsel shortly after initiating the action and that Counsel D.L. would serve as co-counsel. Appx096-99. Counsel I.G. never entered his appearance and his illness and moving made it very difficult for Appellant to communicate with Counsel I.G. Appx096-99, 103. Despite this, Counsel I.G. repeatedly informed Appellant that he would enter his appearance and discovery would be completed. Appx096-99.

Counsel I.G. continuously advised Counsel D.L. that Counsel I.G. was having technical difficulties entering his appearance and was suffering from a debilitating illness. Appx096-099. Nevertheless, Counsel I.G. continued to indicate he would enter his appearance. Appx096-099. After Appellees filed a Motion for Summary Judgment, Counsel D.L. communicated with Counsel I.G. who, again, indicated that he was having difficulties entering his appearance. Appx096-099. Ultimately, Counsel I.G. was never able to enter his appearance. Appx096-099.

Appellant moved the Trial Court to dismiss his complaint without prejudice because Appellant's counsel of choice (Counsel I.G.) had been unable to pursue the claim due to technical difficulties and illness. Appx096-099. Counsel D.L. made clear in the motion to dismiss that he was retained to serve as co-counsel only and it would be inequitable to force Counsel D.L. to continue representing Appellant on his own after Appellant had chosen Counsel I.G. Appx096-099. When Appellant

9

moved to dismiss the matter without prejudice, the statute of limitations had not yet run. Appx096-099. The Trial Court denied Appellant's motion. Appx004-005.

An action may be dismissed at the plaintiff's request only by court order on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). The trial court has discretion in deciding whether to grant said motion, and should consider factors to protect the other party from unfair treatment, such as effort and expense for preparation for trial, excessive delay, due diligence, insufficient explanation for the need to take dismissal, and whether a motion for summary judgment has been filed. See In re Zoloft (Sertralinehydrochloride) Prod. Liabl. Litig., 176 F. Supp. 3d 483, 499 (E.D. Pa. 2016), aff'd sub nom. In re Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig., 858 F.3d 787 (3d Cir. 2017).

Although the Trial Court claimed to have considered these factors, it focused on the fact that Appellant intended to retain Counsel I.G. as his lead counsel but he had been unable to enter his appearance and therefore unable to complete discovery. It is not that Appellant intended to retain Counsel I.G.; Appellant had retained Counsel I.G. Counsel I.G. engaged in the litigation to the extent that Counsel I.G. responded to discovery.

The Trial Court attributes Counsel D.L.'s failure to be involved beyond the intended scope of his involvement as a lack of due diligence on Appellant's behalf. This also ignored the steps taken by Counsel D.L. to help Counsel I.G. enter his

10

appearance to no avail. The Trial Court abused its discretion given that Counsel I.G. had repeatedly attempted to enter his appearance and had health issues.

Finally, the Trial Court's consideration of Appellees' filing of a motion for summary judgment ignores the fact that most of the expense incurred would have been avoided in subsequent action as the only true purpose of the motion to dismiss without prejudice was to allow Appellant's counsel of choice the opportunity to meaningfully represent Appellant as lead counsel, particularly in responding to the motion for summary judgment.

Wherefore, Appellant prays this Honorable Court reverse and remand this matter to the Trial Court to allow Appellant's chosen counsel to meaningfully represent him on the merits in the Trial Court below.

## II. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BY NOT CONSTRUING THE FACTS IN THE LIGHT MOST FAVORABLE TO APPELLANT.

Although Appellant's Counsel failed to provide a response to the Motion for Summary Judgment filed by Appellees, the Trial Court did not appropriately evaluate the purported undisputed facts in the light most favorable to Appellant as required. If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court "may grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Summary judgment cannot be

granted by default even if the non-movant fails to respond to the motion. Deutsche Bank Trust Co. Ams. V. Greenfield of Perkiomen Valley, LLC, 2023 U.S. Dist. LEXIS 229980 at *2 (E.D. Pa. Dec. 27, 2023) (Savage, J.) (quoting Advisory Committee's Note to 2010 Amendment of Fed. R. Civ. P. 56(e)(3)). The motion and supporting material must still establish that there are no genuine disputes of material fact and that the movant is entitled to judgment as a matter of law. Id. at **2-3.

The Trial Court failed to follow this rule despite the absence of Appellant's response. The Trial Court, instead of affirmatively reviewing the evidence of this case as is required by Fed. R. Civ. P. 56(e)(3), the Trial Court relied on Appellant's Counsel's failure to respond or engage in affirmative discovery to grant judgment to the Appellees. Appx007. There is no indication that the Trial Court considered the pleadings by the Appellees and instead pushed the burden onto Appellant as the non-movant. Appx007. The Trial Court failed to lay out what facts were not in dispute that warranted granting summary judgment, which is required y Fed. R. Civ. P. 56(e)(3). This error by the Trial Court prejudiced Appellant and should be reversed.

## CONCLUSION

It was error to deny Appellant's Motion to Dismiss without Prejudice and was error to grant Appellees' Motion Summary Judgment without discussing or

considering whether the documents and paperwork submitted by Appellees adequately supported granting summary judgment. Instead, it appears that the Trial Court relied solely on Appellant defaulting on responding to the Motion for Summary Judgment to grant summary judgment. This was error. Appellant respectfully requests this Honorable Court vacate the order of the Trial Court granting summary judgment and remand this matter to the Trial Court for further proceedings.

Respectfully submitted,

**KOLLER LAW, LLC**

Dated: June 12, 2024          By: /s/ David M. Koller
                              David M. Koller, Esquire (90119)
                              Attorney for Appellant Michael Goodson

13

## COMBINED CERTIFICATIONS

### Certificate of Bar Membership

I, DAVID M. KOLLER, hereby certify that I am admitted to the Bar of the

United States Court of Appeals for the Third Circuit.

**KOLLER LAW, LLC**

Dated: June 12, 2024      By:      /s/ David M. Koller
                                          David M. Koller, Esquire (90119)
                                          Attorney for Appellant

### Identical Compliance Certification

I, DAVID M. KOLLER, hereby certify on this day, June 12, 2024, that the

text of the electronic brief and hard copies are identical.

**KOLLER LAW, LLC**

Dated: June 12, 2024      By:      /s/ David M. Koller
                                          David M. Koller, Esquire (90119)
                                          Attorney for Appellant

### Virus Check Certification

I, DAVID M. KOLLER, hereby certify on this day, June 12, 2024, that a

virus check was performed on the electronic brief version of this brief utilizing the

virus check that KOLLER LAW LLC's computer system utilizes.

**KOLLER LAW, LLC**

Dated: June 12, 2024      By:      /s/ David M. Koller
                                          David M. Koller, Esquire (90119)
                                          Attorney for Appellant

## Certification of Compliance with Page Limitation, Typeface Requirements, and Type Style Requirements

The foregoing Brief complies with the limitations established in Fed. R. App. P. 32(a)(7)(A) because this brief complies with Fed. R. App. P. 32(a)(7)(A) as it contains less than thirty (30) pages. In preparing this certification, I relied on the page count function of Microsoft Word, the word-processing system used to prepare the foregoing Brief.

The foregoing Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word: 14-point Times New Roman font.

**KOLLER LAW, LLC**

Dated: June 12, 2024          By:      /s/ David M. Koller
                                       David M. Koller, Esquire (90119)
                                       Attorney for Appellant

# CERTIFICATE OF SERVICE

I, David M. Koller, hereby certify that on June 12, 2024, a true and correct copy of

Appellant's Brief and Appendix (Volume One) was filed electronically and was served

electronically upon the following Filing Users by the Court's Notice of Docket Activity

upon counsel of record and via electronic mail upon the following:

Jane Lovitch Istvan, Esq.
Chief Deputy City Solicitor, Appeals Unit
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102-1595
Jane.istvan@phila.gov
Appeals.unit@phila.gov
*Counsel for Appellee*

**KOLLER LAW, LLC**

Dated: June 12, 2024          By:      /s/ David M. Koller
                                                David M. Koller, Esquire (90119)
                                                Attorney for Appellant

# APPENDIX TABLE OF CONTENTS

**VOLUME ONE (Appended to Brief)**

Notice of Appeal ..............................................................................................Appx001

December 22, 2023, District Court Order......................................................Appx004

February 6, 2024, District Court Order.........................................................Appx006

**VOLUME TWO**

District Court Docket Entries.........................................................................Appx008

Complaint.......................................................................................................Appx012

Answer to Complaint .....................................................................................Appx028

Appellees' Motion for Summary Judgment and Exhibits ............................Appx035

Appellant's Motion to Dismiss without Prejudice and Exhibits...................Appx096

Appellees' Response to Appellant's Motion to Dismiss ...............................Appx107

Deutsche Bank Trust Co. Ams. V. Greenfield of Perkiomen Valley, LLC,
    2023 U.S. Dist. LEXIS 229980 at *2 (E.D. Pa. Dec. 27, 2023).........Appx116

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                            *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL GOODSON, SR. | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  22-cv-03728 |
| | : | |
| Vs. | : | |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| CHIEF INSPECTOR CHRISTOPHER | : | |
| FLACCO | : | |
| | : | |
| Defendants | : | |

**<u>NOTICE OF APPEAL</u>**

Notice is hereby given that Michael Goodson Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Third Circuit from the order entering judgment in favor of Defendant and against Plaintiff Michael Goodson on his claims of violations of Title VII of the Civil Rights Act of 1964 entered on February 6, 2024 (ECF Doc. No. 23).

Respectfully Submitted,
**KOLLER LAW, LLC**

*/s/ David M. Koller*
David M. Koller, Esquire

Dated March 7, 2024

Appx001

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL GOODSON, SR. | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  22-cv-03728 |
| | : | |
| Vs. | : | |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| CHIEF INSPECTOR CHRISTOPHER | : | |
| FLACCO | : | |
| | : | |
| Defendants | : | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on March 7, 2024, a true and correct copy of Plaintiff's Notice

of Appeal was served via the Court's electronic filing system upon the following:

**GAETAN ALFANO**

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP

1818 MARKET STREET

SUITE 3402

PHILADELPHIA, PA 19103

Email: gja@pietragallo.com

**Angela Lee Velez**

Pietragallo Gordon, et al.

1818 Market Street, Suite 3402

Philadelphia, PA 19103

Email: alv@pietragallo.com

**CHRISTOPHER A. IACONO**

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP

1818 MARKET STREET

STE. 3402

PHILADELPHIA, PA 19103

Email: cai@pietragallo.com

Appx002

**NICOLE S. MORRIS**

CITY OF PHILADELPHIA SOLICITOR'S OFFICE

1515 ARCH STREET

14TH FLOOR

PHILADELPHIA, PA 19102

Email: nicole.morris@phila.gov

*Counsel for Defendant*

KOLLER LAW, LLC

By:      */s/ David M. Koller*
         DAVID M. KOLLER, Esq.
         Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GOODSON, SR.** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 22-3728** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.*, | : | |
| *Defendants* | : | |

# ORDER

        **AND NOW**, this 22nd day of December 2023, upon consideration of Plaintiff Michael

Goodson Sr.'s *motion to dismiss without prejudice*, (ECF 18), and Defendants' response, (ECF

19), it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.[1]  Plaintiff has leave to file a

---

[1]      Plaintiff, represented by Duane Lassiter, Esquire, filed this employment discrimination action on September 19, 2022, against the City of Philadelphia and Chief Inspector Christopher Flacco (collectively, "Defendants"). (ECF 1). On October 21, 2022, Defendants filed an answer to the complaint. (ECF 3). The deadline for discovery was initially March 16, 2023, but was extended upon joint request to May 15, 2023. (*See* ECF 15, 16). On August 14, 2023, Defendants filed a motion for summary judgment. (ECF 17). Rather than filing a response to the motion for summary judgment, Plaintiff, through counsel, filed the underlying motion to dismiss this action without prejudice. (ECF 18). Defendants oppose Plaintiff's motion for dismissal. (ECF 19).

        Federal Rule of Civil Procedure ("Rule") 41(a)(1) allows a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or [by filing] a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). Here, neither of these circumstances is present.

        The Rule further provides that under all other circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal under Rule 41(a)(2) is:

            within the sound discretion of the Court and the primary purpose in
            requiring court approval is to protect the other party from unfair treatment.
            The Court considers factors such as the defendant's effort and expense of
            preparation for trial, excessive delay and lack of diligence on the part of
            the plaintiff in prosecuting the action, insufficient explanation for the need
            to take a dismissal, and whether a motion for summary judgment has been
            filed by the defendant.

response to Defendants' motion for summary judgment, (ECF 17), by January 5, 2024.  Plaintiff's

failure to respond to Defendants' motion for summary judgment may result in the dismissal of this

action for failure to prosecute.

**BY THE COURT:**


/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

*In re Zoloft (Sertralinehydrochloride) Prod. Liab. Litig.*, 176 F. Supp. 3d 483, 499 (E.D. Pa. 2016), *aff'd sub nom. In re Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig.*, 858 F.3d 787 (3d Cir. 2017) (citations and internal quotation marks omitted).

      Here, in his motion for dismissal, Plaintiff argues that he intended to retain attorney Isaac Green as lead counsel, but due to Mr. Green's serious health and technical challenges, Mr. Green was unable to enter an appearance.  As a result, Plaintiff further contends that he was unable to complete full discovery or respond to Defendants' motion for summary judgment.  Plaintiff offers, however, no explanation as to why Mr. Lassiter, as Plaintiff's counsel, was unable to serve discovery or respond to Defendants' motion for summary judgement.  The intent to have Mr. Green be lead counsel does not excuse Mr. Lassiter's failure to conduct discovery or respond to Defendants' motion for summary judgment.  Clearly, "the fiduciary duty of [a] co-counsel is a joint obligation."  *Huber v. Taylor*, 469 F.3d 67, 83 (3d Cir. 2006).  Notably, despite the challenges attributed to Mr. Green, Mr. Lassiter has remained Plaintiff's counsel of record throughout this litigation, including for the filing of the underlying motion on Plaintiff's behalf.  Under these circumstances, Plaintiff appears not to have met his responsibility to diligently prosecute the action, nor has he offered any explanation as to why Mr. Lassiter was unable to do so.

      In opposing Plaintiff's motion to dismiss, Defendants argue that Plaintiff's request for a dismissal without prejudice is improper and unjust at this stage of the litigation because they have expended time and effort litigating this matter, including retaining counsel, serving discovery, and moving for summary judgment.  Defendants further argue that these efforts weigh against dismissal without prejudice.  This Court agrees.  "Where a defendant has retained counsel, undergone significant pretrial preparations, and discovery is already nearly complete, dismissal without prejudice is improper as it would subject a defendant to 'the prospect of potentially relitigating, at some later date, claims it had put significant time and resources into defending and already litigated to the summary-judgment stage.'"  *Da Silva v. Temple Univ. Hosp., Inc.*, 2022 WL 17685546, at *4 (E.D. Pa. Dec. 15, 2022) (quoting *Est. of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 286 (3d Cir. 2017)).

      Considering the procedural posture of this case and the efforts expended by Defendants, this Court finds that Plaintiff's request to dismiss this matter without prejudice pursuant to Rule 41 (a)(2) is improper.  Accordingly, Plaintiff's motion to dismiss without prejudice is denied.  This Court will grant leave for Plaintiff to respond to Defendants' pending motion for summary judgment.  Plaintiff has until January 5, 2024, to file a response.

Appx005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL GOODSON, SR.** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 22-3728** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.,* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 6th day of February 2024, upon consideration of Defendants' *motion for summary judgment*, (ECF 17), to which no response has been filed,[1] it is hereby **ORDERED** that the motion is **GRANTED**.[2]

---

[1]     By Order dated December 22, 2023, Plaintiff was directed to respond to Defendants' motion for summary judgment by January 5, 2024, and was further advised that a failure to do so could result in the dismissal of this action for a failure to prosecute. (*See* ECF 21). As of the date of this Order, Plaintiff has not filed a response to Defendant's underlying motion for summary judgment.

[2]     Plaintiff Michael Goodson ("Plaintiff") commenced this counseled action by complaint in which he asserts civil rights and employment discrimination claims against his current employer, the City of Philadelphia ("Defendant City"), and Chief Inspector Christopher Flacco ("Defendant Flacco") (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983 ("§ 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Cons. Stat. §955, *et seq.* (*See* ECF 1). Plaintiff's claims are premised on his contention that he was subjected to racial discrimination because Defendant Flacco publicly berated him, shouted profanities at him, and intentionally assigned him inexperienced staff, and Defendant City did not take steps to train, supervise, or discipline Defendant Flacco. (Compl., ECF 1, at ¶¶ 11-13, 26). Defendants deny the allegations.

Discovery in this matter was to be completed by May 15, 2023. Defendants filed the motion for summary judgment on August 14, 2023, pursuant to Federal Rule of Civil Procedure ("Rule") 56, on all of Plaintiff's claims arguing that Plaintiff has not produced, nor can he proffer evidence sufficient to meet each of the elements of his claims. (ECF 17). In their motion, Defendants note that Plaintiff did not engage in any affirmative discovery nor did he serve any document requests or interrogatories or notice any depositions. In addition, Plaintiff did not appear for his own deposition. As noted, Plaintiff has also failed to respond to Defendants' motion. Instead, Plaintiff filed a motion to dismiss his complaint without prejudice, (ECF 18), which Defendants opposed, (ECF 19), and this Court denied, with leave to file a response to Defendants' motion for summary judgment. (ECF 21).

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Rule 56 provides that a court shall grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 402 (3d Cir. 2016). When considering a motion for summary judgment, a court should view the evidence in the light most favorable to the nonmoving party, here Plaintiff, and draw all reasonable inferences in the Plaintiff's favor. *Montgomery Cnty. ex rel. Becker v. MERSCORP, Inc.*, 16 F. Supp. 3d 535, 537 (E.D. Pa. 2014). The movant bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23); *see also In re Nat. Pool Constr., Inc.*, 598 F. App'x 841, 845 (3d Cir. 2015). The non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

As noted, Plaintiff asserts claims under § 1983 (Counts I and II), Title VII (Counts III and IV), and the PHRA (Count V) premised on allegations that Defendants unlawfully discriminated against him because of his race. To survive summary judgment on each of these claims, Plaintiff must present evidence sufficient to show, *inter alia*, that Defendants engaged in conduct that was unlawfully on account of Plaintiff's race. *See Johnson v. Fuentes*, 704 F. App'x 61, 65 (3d Cir. 2017) ("To bring a claim under § 1983 for the denial of equal protection based on race, a plaintiff must show . . . [that] the defendant treated the plaintiff differently because of his race . . ." (citing *Keenan v. City of Phila.*, 983 F.2d 459, 465 (3d Cir. 1992))); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999) (holding that to establish a *prima facie* case of race discrimination under Title VII and the PHRA, a plaintiff must show that he suffered an adverse employment action "under circumstances that give rise to an inference of unlawful discrimination"); *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996) (holding that to succeed at the summary judgment stage on a hostile work environment claim, a plaintiff must show, among other things, that he or she suffered intentional discrimination because of his race).

Here, having failed to respond to Defendant's motion or to even engage in any affirmative discovery, Plaintiff has not and cannot meet his summary judgment burden with respect to any of the elements of his claims. *Vaughan v. Boeing Co.*, 733 F. App'x 617, 622 (3d Cir. 2018) (holding that "[i]f the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then there can be no genuine issue of material fact," and thus, a grant of summary judgment is appropriate (quoting *Celotex*, 477 U.S. at 322-23)). Accordingly, Defendants' motion for summary judgment is granted.